# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| REGINALD MASON,<br>  Plaintiff,<br><br>v.<br><br>THE HOUSING AUTHORITY OF THE CITY OF ATLANTA; TERRI M. LEE, in her official capacity as President & CEO; MARYA CALHOUN, in her individual and official capacities as Senior Vice President of Human Resources; KIWANA JOHNSTON, in her individual and official capacities as Manager of Employee Relations; and DOES 1–10,<br>  Defendants. | CIVIL ACTION NO. _____<br><br>Removed from:<br>Superior Court of Fulton County, Georgia<br>Civil Action No. 25CV010819 |

## NOTICE OF REMOVAL

TO: The Judges of the United States District Court for the Northern District of Georgia

Defendants The Housing Authority of the City of Atlanta ("AHA"), Terri M. Lee, Marya Calhoun, and Kiwana Johnston (collectively, "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, hereby remove this civil action from the Superior Court of Fulton

County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. In support of removal, Defendants state as follows:

## I. STATE COURT ACTION

1.

On August 5, 2025, Plaintiff filed the civil action styled Reginald Mason v. The Housing Authority of the City of Atlanta, et al., in the Superior Court of Fulton County, Georgia, Civil Action No. 25CV010819 (the "State Court Action").

2.

Defendants were first served with the Summons and Complaint in the State Court Action on October 22, 2025. This Notice of Removal is filed within thirty (30) days of that service and is therefore timely under 28 U.S.C. § 1446(b).

3.

Plaintiff filed the State Court Action pro se. Although Plaintiff alleges in Paragraph 4 of the Complaint that he "resided in Fulton County, Georgia," the signature block and mailing address on the face of the Complaint identify Plaintiff as residing in Long Beach, California as of the August 5, 2025, filing. By contrast, all named Defendants are, at all relevant times, Georgia persons/entities acting in Georgia and sued for conduct alleged to have occurred in Georgia.[1]

---

[1] Specifically named Defendants are The Housing Authority for the City of Atlanta, Terri M. Lee, Marya Calhoun, and Kiwana Jonston. None of the named Defendants are aware of the identities and/or residences of JOHN DOE Defendants 1-10.

## II.   FEDERAL QUESTION JURISDICTION

4.

Plaintiff's Complaint for Damages asserts, as his First Claim for Relief, a cause of action for "Wrongful Termination–Retaliation in Violation of Title VII of the Civil Rights Act of 1964," 42 U.S.C. § 2000e et seq. Plaintiff alleges that he was terminated in retaliation for engaging in alleged protected activity, and he seeks relief under Title VII.

5.

Because Plaintiff pleads a claim arising under federal law on the face of his Complaint, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. See 28 U.S.C. § 1441(a).

6.

Plaintiff's remaining causes of action (including alleged "wrongful termination in violation of public policy," intentional infliction of emotional distress, fraud, and "tortious breach of employment contract") arise out of the same nucleus of operative facts as the Title VII retaliation claim. Accordingly, this Court may exercise supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

III.  **DIVERSITY JURISDICTION (28 U.S.C. § 1332)**

7.

In addition to federal question jurisdiction, removal is proper under 28 U.S.C. §§ 1332 and 1441(b) because (a) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (b) there is complete diversity of citizenship between Plaintiff and all properly joined Defendants.

8.

Amount in Controversy. Plaintiff seeks (i) past and future lost compensation and benefits he claims were owed to him as an AHA managerial employee; (ii) alleged unpaid additional compensation he contends he was "promised," including an asserted $11,000 differential in salary; (iii) front pay; (iv) damages for alleged severe emotional distress; and (v) punitive and/or treble damages. He also alleges reputational and career harm and contends he was terminated in retaliation for engaging in protected activity, including making internal complaints about alleged discrimination and purportedly taking or requesting leave under the Family and Medical Leave Act, and he expressly prays for "treble and punitive damages" on multiple counts. In light of Plaintiff's allegations of termination from a salaried management position, alleged loss of ongoing compensation and benefits, and demand for punitive/treble damages, the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

9.

Diversity of Citizenship. Plaintiff's Complaint states that he "resided in Fulton County, Georgia," but Plaintiff has independently confirmed and simultaneously lists his mailing/residence address as Long Beach, California in the signature block of the Complaint filed August 5, 2025. Defendants understand Plaintiff to now reside outside the State of Georgia. By contrast, Defendant AHA is, and was at all relevant times, a Georgia public housing authority operating in Fulton County, Georgia; and the individual Defendants (Lee, Calhoun, and Johnston) are alleged to be Georgia-based officers or employees of AHA, sued for acts alleged to have occurred in Georgia in connection with Plaintiff's employment. Accordingly, based on Plaintiff's independent representation and his own pleading, there is complete diversity of citizenship between Plaintiff and all properly joined Defendants, and no properly joined Defendant is alleged to be a citizen of California.

10.

To the extent Plaintiff later amends his pleading in an effort to abandon his sole federal claim under Title VII and seek remand, Defendants expressly preserve and invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332(a) as an independent and alternative basis for subject-matter jurisdiction.

## IV. VENUE

11.

Venue is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, because the State Court Action was filed in Fulton County, Georgia, which lies within this District and Division, and because the events alleged in the Complaint are alleged to have occurred in this District. 28 U.S.C. §§ 90(a)(2), 1441(a).

## V. CONSENT TO REMOVAL

12.

All Defendants who have been properly joined and served — specifically, The Housing Authority of the City of Atlanta, Terri M. Lee, Marya Calhoun, and Kiwana Johnston — expressly consent to and join in this removal, satisfying 28 U.S.C. § 1446(b)(2)(A)–(B). Undersigned counsel represents all such Defendants.

## VI. PLEADINGS AND PROCESS FROM STATE COURT

13.

Pursuant to 28 U.S.C. § 1446(a), attached hereto collectively as Exhibit 1 are true and correct copies of all process, pleadings, orders, and other papers served upon or filed by Plaintiff in the Superior Court of Fulton County, Georgia, Civil Action No. 25CV010819, including (a) the Complaint for Damages filed August 5, 2025;

(b) all summonses; (c) all returns or acknowledgments of service; and (d) any other papers served on Defendants as of the date of this filing.

## VII. NOTICE TO STATE COURT AND PARTIES

14.

Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will file a Notice of Filing of Notice of Removal with the Superior Court of Fulton County, Georgia, and will serve written notice of this removal on Plaintiff.

15.

Upon the filing of this Notice of Removal and the related notice in the Superior Court of Fulton County, this action is removed in its entirety to this Court, and the Superior Court of Fulton County shall proceed no further unless and until this action is remanded. See 28 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully request that this Court take jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, and proceed as though this action had been originally filed in this Court; and that the Court grant such other and further relief as it deems just and proper.

Respectfully submitted this 11th day of November, 2025.

s/ *Brent L. Wilson*
Brent L. Wilson
Georgia Bar No. 767667
Robert Chambers
Georgia Bar No. 010430

-8-

                                        FISHER & PHILLIPS LLP
                                        1230 Peachtree Street NE
                                        Suite 3300
                                        Atlanta, GA 30309
                                        Telephone: (404) 582-8427
                                        bwilson@fisherphillips.com
                                        rchambers@fisherphillips.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| REGINALD MASON,<br>   Plaintiff,<br><br>v.<br><br>THE HOUSING AUTHORITY OF THE CITY OF ATLANTA; TERRI M. LEE, in her official capacity as President & CEO; MARYA CALHOUN, in her individual and official capacities as Senior Vice President of Human Resources; KIWANA JOHNSTON, in her individual and official capacities as Manager of Employee Relations; and DOES 1–10,<br>   Defendants. | CIVIL ACTION NO. _____<br><br>Removed from:<br>Superior Court of Fulton County, Georgia<br>Civil Action No. 25CV010819 |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Notice of Removal* was served on Plaintiff via U.S. mail, postage prepaid, and via email, to the following address:

Reginald Mason<br>
6901 E. 11th Street<br>
Long Beach, CA 90815<br>
Giantkiller10x@gmail.com

Respectfully submitted, this 11th day of November 2025.

-2-

                                                s/ *Brent L. Wilson*
Brent L. Wilson
Georgia Bar No. 767667
Robert Chambers
Georgia Bar No. 010430
FISHER & PHILLIPS LLP
1230 Peachtree Street NE
Suite 3300
Atlanta, GA 30309
Telephone: (404) 582-8427
bwilson@fisherphillips.com
rchambers@fisherphillips.com

*Counsel for Defendants The Housing Authority of the City of Atlanta, Terri M. Lee, Marya Calhoun, and Kiwana Johnston*